# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CUAUHTEMOC ALFREDO DIAZ-LOPEZ | Case No. 2:25-cr-00024-JAW |

## GOVERNMENT'S MOTION FOR
## LEAVE TO DISMISS INFORMATION

The Government respectfully moves for leave to dismiss the above-captioned information. Rule 48(a) of the Federal Rules of Criminal Procedure provides that the government "may, with leave of the court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The "leave of court" requirement of Rule 48(a) is to protect criminal defendants from prosecutorial harassment in brining multiple successive indictments, and to allow courts to consider public interest, fair administration of criminal justice, and preservation of judicial integrity when evaluating motions to dismiss. See *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015).

Under the rule, courts must grant leave to the Government to dismiss a charging document unless dismissal is "clearly contrary to manifest public interest." *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)). See also *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) ("Put succinctly, a Rule 48 motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.") (internal quotation marks omitted); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013 (8th Cir. 2001) ("The court is limited to assessing whether the government's motion is contrary to the manifest public interests because it is not based in the prosecutor's good faith discharge of her duties.").

In support for this motion, the Government asserts the following:

1. At the time that the Information was filed, Cuauhtemoc Alfredo Diaz-Lopez (the "Defendant") originally intended to waive Grand Jury and plea guilty under Rule 11 of the Federal Rules of Criminal Procedure.
2. After the Information's filing, on February 26, 2025, counsel for the Defendant filed a Motion to Continue Waiver of Indictment and Arraignment on the above-captioned information as the Defendant did not wish to waive indictment at that time (Dkt. 16). This motion was allowed without objection on the part of the Government (Dkt. 17).
3. Subsequently, on March 5, 2025, the Grand Jury returned an indictment against the Defendant charging him with Re-Entry of Alien After Prior Deportation, in violation of 18 U.S.C. § 1326(a), resulting in docket 2:25-cr-00033-JAW.
4. Therefore, the above-captioned matter is no longer the operative charging document as the Defendant will be arraigned on March 13, 2025, on docket 2:25-cr-00033-JAW.

Because the above-captioned information is duplicative of 2:25-cr-00033-JAW, docket 2:25-cr-00024-JAW should be dismissed, and this dismissal is in the interests of justice. Accordingly, the Government moves for leave to dismiss the information.

                                                                             Respectfully submitted,

                                                                             CRAIG M. WOLFF
                                                                             Acting United States Attorney

Dated: March 12, 2025                  By:      */s/ Anne K. Yereniuk*
                                                                             Anne K. Yereniuk
                                                                             Assistant U.S. Attorney
                                                                             U.S. Attorney's Office
                                                                             100 Middle Street
                                                                             Portland, ME 04101
                                                                             (207) 780-3257
                                                                             Anne.Yereniuk@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2025, I caused the foregoing Government's Motion to Dismiss the Information using the CM/ECF system, which caused a copy of the foregoing document to be delivered via the CM/ECF system to Attorney Jonathan Goodman, Esq., counsel for the Defendant Cuauhtemoc Alfredo Diaz-Lopez.

                                                 CRAIG M. WOLFF
                                                 Acting United States Attorney

By:    */s/ Anne K. Yereniuk*
        Anne K. Yereniuk
        Assistant U.S. Attorney
        U.S. Attorney's Office
        100 Middle Street
        Portland, ME 04101
        (207) 780-3257
        Anne.Yereniuk@usdoj.gov